**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| JACOB T. ROSS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 3:26-CV-418-TRM-DCP |
| | ) | |
| KNOXVILLE COUNTY DETENTION CENTER, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM & ORDER**

Plaintiff filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging that he has been "dealing with child abuse" throughout his life and also setting forth various conclusory, delusional, and/or unintelligible factual allegations (Doc. 2) and a motion for leave to proceed *in forma pauperis*. (Doc. 1.) For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (*id.*) will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

## I. FILING FEE

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* (*id.*) that he cannot pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion is **GRANTED**. As Plaintiff does not appear to be incarcerated, the Court does not assess the filing fee.

## II. COMPLAINT SCREENING

### A. Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28

U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, pro se filers must abide by "basic pleading standards[,]" and "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quotation marks and citations omitted).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Analysis**

As set forth above, Plaintiff's complaint alleges that he has been "dealing with child abuse" throughout his life, and it also contains a number of conclusory, delusional, and/or unintelligible factual allegations. (Doc. 2, at 2, 5–6). None of the complaint allegations allow the Court to plausibly infer that Plaintiff may be entitled to relief under § 1983 from any named Defendant. Accordingly, this action will be **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2. Even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983;

3. Accordingly, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

4. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**